OPINION OF THE COURT
Ronald H. Tills, J.
By application dated December 31, 1996, the defendant, by his attorney Daniel P. Grasso, Esq., seeks to dismiss the proceedings classifying the defendant as a sex offender under Correction Law § 168, referred to as the Sex Offender Registration Act. Defendant presents arguments in two areas, that the classification and notification provisions violate the Ex Post Facto Clause of the United States Constitution and that the Sex Offender Registration Act is not applicable to the defen *487 dant herein based upon the reasons set forth in the affidavit of counsel. Under the circumstances here, and after a review of the factors set forth in the defendant’s affidavit and an examination of the statute in question, the court hereby finds and decides as follows:
FINDINGS OF FACT
On or about April 22, 1976, the defendant, by pleas of guilty, was convicted in Erie County of attempted rape in the first degree, attempted robbery in the third degree and sexual abuse in the first degree. He received sentences of 0 to 15 years, 0 to 4 years and 0 to 7 years on the three sentences, respectively, all three sentences to be served concurrently.
On or about November 17, 1982, the defendant was convicted in Washington County upon his pleas of guilty to two counts of assault in the first degree. The defendant received sentences of 5 to 10 years on each of the two convictions, apparently to be served concurrently to each other but consecutive to the sentences previously imposed on his 1976 convictions.
On or about April 16, 1987, the defendant was convicted in Cayuga County Court upon his plea of guilty to promoting prison contraband. He was thereupon sentenced to an indeterminate term of imprisonment of 2 to 4 years, such to be served consecutively to the sentence imposed on the 1982 convictions.
By letter dated July 18, 1996, this court was notified by the State of New York Board of Examiners of Sex Offenders that, pursuant to the Sex Offender Registration Act, the court must make a final determination of the offender’s risk level prior to his release which was scheduled for August 12, 1996. Upon application of the defendant, counsel was assigned and the matter has been procedurally adjourned on several occasions for the purpose of the preparation of counsel’s application herein.
CONCLUSIONS OF LAW
Correction Law § 168-e (1) states, in relevant part, as follows: "Any sex offender, to be discharged, paroled or released from any state * * * correctional facility * * * where he was confined or committed, shall within forty-five calendar days prior to discharge, parole or release, be informed of his duty to register under this article, by the facility in which he was confined or committed.”
Section 168-a (1) defines a sex offender as "any person who is convicted of any of the offenses set forth in subdivision two or three of this section.” There is no issue here as to whether or *488 not the defendant’s convictions in 1976 fall within the definition of the statute.
Section 168-g (1) refers to prior convictions and the duty of the sex offender "who on the effective date of this article is then on parole or probation for an offense provided for” in the relevant statute.
A review of the requirements for registration therefore appear to require the registration under the act of two types of individuals, one being a person who is presently confined to a correctional facility upon a conviction which falls within the statute set forth, and the second being a person who is, on the effective date of the article in question,* on parole or probation for an offense provided for in the relevant statute.
Under the circumstances here, the defendant’s initial conviction and sentence was on or about April 1976. The term of imprisonment imposed on this defendant at that time was an indeterminate term having a maximum of 15 years. The sentences imposed on the defendant for the crimes for which he was convicted and sentenced in 1976 could therefore be extended no further than approximately April of 1991. Defendant’s subsequent convictions in 1982 and 1987 have no bearing on the crimes relevant to the Sex Offender Registration Act herein.
It is therefore the decision of this court that, on the effective date of the statute in question, there is no conceivable manner in which this defendant could be determined to be imprisoned, paroled or on probation for the crimes for which he was convicted in 1976, this statute cannot be applied under the circumstances present here.
The defendant’s application to dismiss the proceedings classifying the defendant under the Sex Offender Registration Act, Correction Law § 168, is therefore granted.
In view of the court’s determination under the second argument presented by the defendant, it is unnecessary to consider the application of the defendant in relation to the ex post facto issues raised in defendant’s papers.

 The effective date of the article in question is Jan. 21, 1996.