[730 NYS2d 625]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
MICHAEL CURLEY, Appellant.

Fourth Department, September 28, 2001

APPEARANCES OF COUNSEL

*James Gerald Eckert, Public Defender's Office,* Rochester, for appellant.

*Howard R. Relin, District Attorney* of Monroe County, Rochester (*Nancy A. Gilligan* of counsel), for respondent.

## OPINION OF THE COURT

SCUDDER, J.

In what appears to be a case of first impression at the appellate level, defendant contends that he completed his sentence upon a 1977 conviction of sodomy in the first degree (Penal Law § 130.50 [1]) in 1992, and thus he is not subject to the requirements of the Sex Offender Registration Act ([SORA] Correction Law art 6-C), which was not effective until January 1996. Pursuant to SORA, the sentencing court must determine whether an offender is "a sex offender or a sexually violent predator" and must further determine a level of notification prior to a defendant's release from prison (Correction Law § 168-n [1]; *see,* Correction Law § 168-n [2]; *see also,* Correction Law § 168-a [1], [7]; § 168-*l* [6]). We reject defendant's contention and conclude that County Court properly determined that defendant is subject to the requirements of SORA (*see, People v Nieves,* 172 Misc 2d 346; *cf., People v Roberson,* 172 Misc 2d 486).

Defendant was sentenced on September 9, 1977 to an indeterminate term of imprisonment of 7½ to 15 years upon his conviction of sodomy in the first degree (Penal Law § 130.50 [1]). The conviction arose from defendant's attack of a nine-year-old girl in a field behind her house. Defendant had approached the girl, offering his assistance in the retrieval of her kite from a tree. As a result of the injuries she sustained in the attack, the girl was rendered unconscious and was hospitalized.

Defendant was released to parole supervision on July 26, 1985. The Division of Parole thereafter issued a declaration of delinquency on October 18, 1986, when defendant was charged in connection with the homicide of a woman. Defendant's sentence on the sodomy conviction was thereby interrupted by the declaration of delinquency and held in abeyance until defendant's return to the Department of Correctional Services on September 22, 1987 (*see,* Penal Law § 70.40 [3] [a]), when defendant was sentenced on his conviction of manslaughter in the second degree (Penal Law § 125.15 [1]). The court directed that the sentence imposed upon the manslaughter conviction

be served consecutively to the sentence imposed upon the sodomy conviction.

Upon his return to the Department of Correctional Services on September 22, 1987, defendant was serving two consecutive indeterminate sentences of 7½ to 15 years each. Those "minimum periods of imprisonment are added to arrive at an aggregate minimum period of imprisonment equal to the sum of all the minimum periods, and the maximum terms are added to arrive at an aggregate maximum term equal to the sum of all the maximum terms," subject to limitations not applicable here (Penal Law § 70.30 [1] [b]; *see, Matter of Roballo v Smith,* 63 NY2d 485, 487). Thus, the time remaining on defendant's sentence imposed upon the 1977 sodomy conviction, i.e., five years, four months and 14 days, is added to the 15-year maximum term imposed on the manslaughter conviction, creating an aggregate maximum term of 20 years, four months and 14 days. We therefore conclude that defendant is subject to both sentences until he reaches the maximum expiration date, which extends beyond the effective date of SORA (*see,* L 1999, ch 453, § 29). Accordingly, we conclude that defendant is subject to the requirements of SORA and that the order therefore should be affirmed.

GREEN, J. P., HURLBUTT, KEHOE and GORSKI, JJ., concur.

Order unanimously affirmed.