■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE DOUGLAS, Appellant. [794 NYS2d 730]—

Mugglin, J. Appeal from an order of the County Court of Rensselaer County (McGrath, J.), entered September 16, 2003, which classified defendant as a risk level II sex offender pursuant to the Sex Offender Registration Act.

Defendant was sentenced to an aggregate prison term of 2⅔ to 8 years upon his conviction of two counts of sodomy in the third degree and one count of endangering the welfare of a child. As his release date was approaching, defendant was evaluated by the Board of Examiners of Sex Offenders to determine his risk level classification for recommitting a sexual offense (*see* Correction Law art 6-C). On its risk assessment form, the Board assessed 25 points for deviate sexual intercourse, 20 points for engaging in a continuing course of sexual misconduct, 20 points because the victim was between the ages of 11 and 16, and 20 points because defendant was in a professional relationship with the victim. The total of 85 points placed defendant in the level II (moderate) category. At the subsequent hearing before County Court, defendant's counsel took no position with respect to the level II recommendation, but successfully opposed

the People's request that the court depart from the recommendation and assign defendant to a level III category, not only because of the professional relationship that he had with the victim, but because defendant had not completed a sex offender treatment program. Defendant's counsel successfully argued that defendant was on a waiting list for the program and he should not be penalized for matters beyond his control. The court determined that level II was the correct classification and defendant appeals, arguing that mitigating circumstances are present such that the court should have departed downward to a level I classification and that counsel was ineffective for not having so argued. We disagree and affirm.

The determination by the Board is merely a recommendation, as the sentencing court is charged with making the actual determination (*see People v Stevens*, 91 NY2d 270, 276 [1998]) and, in the exercise of its discretion, may depart from that recommendation and determine the sex offender's risk level based upon the facts and circumstances that appear in the record (*see Matter of Vandover v Czajka*, 276 AD2d 945, 946 [2000]; *see also Matter of New York State Bd. of Examiners of Sex Offenders v Ransom*, 249 AD2d 891, 891-892 [1998]; *People v Agard*, 6 Misc 3d 1021[A], 2005 NY Slip Op 50142[U], *1 [2005]). Absent clear and convincing evidence of the existence of special circumstances, an upward or downward departure is not warranted (*see People v Bottisti*, 285 AD2d 841, 841-842 [2001]; *see also People v Hampton*, 300 AD2d 641, 641 [2002], *lv denied* 99 NY2d 510 [2003]).

The mitigating factors that defendant argues support a downward modification are his remorse for his actions, his lack of a criminal record, his lack of substance abuse and the fact that he used no force in the commission of the sodomy nor did he exhibit a predatory pattern. Defendant's argument is meritless. A review of the assessment form reveals that defendant could have been assigned 10 points for not accepting responsibility, 10 points for using force, up to 30 points for prior crimes and 15 points for a history of drug or alcohol abuse. Defendant was given no points in any of these categories and is, therefore, entitled to no downward modification as he has already received the benefit of zero points for these factors. As a consequence, defendant's claim that his counsel was ineffective for not raising these alleged mitigating factors is also completely without merit. Moreover, there is ample record support for the points which were assessed. Defendant's other arguments were either unpreserved for appellate review or are equally without merit.

Crew III, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.