■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID J. HAMELINCK, Appellant. [803 NYS2d 469]—

Appeal from an order of the Wayne County Court (Dennis M. Kehoe, J.), dated September 8, 2004. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order designating him a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Following a hearing, County Court adopted the recommendation of the Board of Examiners of Sex Offenders in classifying defendant a level three risk, the presumptive risk level. Contrary to defendant's contention, the court's determination of defendant's risk level is supported by clear and convincing evidence, i.e., the case summary, together with the pre-plea investigation report and information presented at the hearing (*see People v Tucker*, 20 AD3d 938 [2005]; *People v Ahlers*, 10 AD3d 770 [2004], *lv denied* 4 NY3d 704 [2005]). We reject the further contention of defendant that the court erred in failing to consider his postrelease behavior in its determination. "A departure from the presumptive risk level is warranted where 'there exists an aggravating or mitigating factor of a kind or to a degree, not otherwise adequately taken into account by the guidelines' (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed]). There must exist clear and convincing evidence of the existence of special circumstance to warrant an upward or downward departure" (*People v Guaman*, 8 AD3d 545, 545 [2004]). Here, defendant failed to establish his entitlement to a downward departure from the presumptive risk level (*see id.*). Present—Pigott, Jr., P.J., Green, Martoche and Pine, JJ.