■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM F. MARKS, Appellant. [817 NYS2d 555]—

Appeal from an order of the Genesee County Court (Eric R.

Adams, J.), dated February 23, 2005. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: We reject the contention of defendant that County Court erred in determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). The court properly assessed 15 points for defendant's history of alcohol abuse (*see People v Vaughn*, 26 AD3d 776 [2006]; *People v Moore*, 16 AD3d 190 [2005], *lv denied* 4 NY3d 889 [2005]; *People v King*, 15 AD3d 693 [2005]), and defendant thus had a score that was 10 points in excess of that necessary to render him a level three risk. In addition, the court properly agreed with the People with respect to the existence of an " 'override' factor," i.e., defendant's prior conviction of a sex crime (*People v Boan*, 11 AD3d 956, 956 [2004], *lv denied* 4 NY3d 702 [2004]), and we therefore conclude that the People met their "burden of proving the facts supporting the risk level classification sought by clear and convincing evidence" (*People v Dort*, 18 AD3d 23, 24 [2005], *lv denied* 4 NY3d 885 [2005]; *see* Correction Law § 168-n [3]; *People v McDaniel*, 27 AD3d 1158 [2006]; *People v Hamelinck*, 23 AD3d 1060 [2005]). Contrary to his further contention, defendant failed to establish his entitlement to a downward departure from the presumptive risk level inasmuch as he failed to present the requisite clear and convincing evidence of the existence of special circumstances warranting a downward departure (*see McDaniel*, 27 AD3d 1158 [2006]; *Hamelinck*, 23 AD3d 1060 [2005]; *People v Douglas*, 18 AD3d 967, 968 [2005], *lv denied* 5 NY3d 710 [2005]). Present—Kehoe, J.P., Gorski, Martoche, Smith and Pine, JJ