■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS JORDAN, Appellant. [818 NYS2d 718]—

Appeal from an order of the Supreme Court, Erie County (Richard C. Kloch, Sr., A.J.), dated May 11, 2005. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). Contrary to the contention of defendant, Supreme Court properly determined that he is subject to the requirements of SORA (*see People v Curley*, 285 AD2d 274 [2001], *lv denied* 97 NY2d 607 [2001]), and the court's determination with respect to defendant's risk level is supported by the requisite clear and convincing evidence (*see* § 168-n [3]; *People v Hegazy*, 25 AD3d 675 [2006]). We reject the further contentions of defendant that the court's consideration of hearsay evidence violated his right to confront witnesses (*see People v Dort*, 18 AD3d 23, 25 [2005], *lv denied* 4 NY3d 885 [2005]) and that the statements in the presentence report do not constitute "reliable hearsay" (§ 168-n [3]; *see People v Vacanti*, 26 AD3d 732 [2006], *lv denied* 6 NY3d 714 [2006]). Finally, although the People did not timely notify defendant that the risk assessment instrument (RAI) had been revised, the court offered defendant an adjournment and thus afforded defendant a meaningful opportunity to respond to the revised RAI (*see generally People v Inghilleri*, 21 AD3d 404 [2005]). Present—Hurlbutt, J.P., Kehoe, Gorski, Green and Pine, JJ.