THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW J. WHEELER, Appellant. [872 NYS2d 360]—

Appeal from an order of the Supreme Court, Monroe County (Joseph D. Valentino, J.), entered November 14, 2007. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). We reject the contention of defendant that Supreme Court violated his due process rights when it determined, sua sponte, that a departure from the presumptive risk level based upon the risk assessment instrument was warranted. The court adjourned the SORA hearing after advising defendant that it was considering an upward departure, thus protecting his due process rights by affording him notice and a meaningful opportunity to respond (*see generally People v Warren*, 42 AD3d 593, 594 [2007], *lv denied* 9 NY3d 810 [2007]; *People v Jordan*, 31 AD3d 1196 [2006], *lv denied* 7 NY3d 714 [2006]). Contrary to defendant's further contention, the statements in the presentence report constitute "reliable hearsay" (Correction Law § 168-n [3]). Those statements, moreover, provide clear and convincing evidence that an upward departure from the presumptive risk level is warranted based upon "an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [risk assessment] guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; *see People v Gandy*, 35 AD3d 1163 [2006]; *People v Goodwin*, 35 AD3d 1285 [2006]). Present—Martoche, J.P., Fahey, Green, Pine and Gorski, JJ.