(February 16, 2010)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS MANTILLA, Appellant. [894 NYS2d 418]—

Order, Supreme Court, New York County (Bonnie G. Wittner, J.), entered on or about March 18, 2008, which adjudicated defendant a level three sex offender and sexually violent offender pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), unanimously affirmed, without costs.

Defendant's challenges to his classification as a level three sex offender are improperly raised for the first time on appeal (CPLR 4017, 5501 [a] [3]; Correction Law § 168-n [3] [SORA appeals governed by applicable CPLR provisions]; *People v Cas-*

*sano*, 34 AD3d 239 [2006], *lv denied* 8 NY3d 804 [2007]; *compare Chateau D' If Corp. v City of New York*, 219 AD2d 205, 209 [1996], *lv denied* 88 NY2d 811 [1996]). As an alternative holding, the aggravating factors relied upon by the hearing court amply supported its discretionary upward departure, and they were not duplicative of the risk assessment instrument.

Departures are warranted where "there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (*People v Johnson*, 11 NY3d 416, 421 [2008], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; *see also People v Inghilleri*, 21 AD3d 404, 405-406 [2005]). Here, there are two aggravating factors supporting the hearing court's departure from the risk level calculation in the risk assessment instrument. First, contrary to defendant's suggestion, his ability and willingness to victimize both an extended family member and even his own daughter in this way bespeaks a degree of depravity indicative of a complete inability to exercise any self-control. Yet a familial relationship with a victim is not specifically listed as a separate factor in the guidelines.

The victims' tender ages was also an appropriate aggravating factor here. It is irrelevant that the hearing court mistakenly recited that the guidelines assign the same point value for any victim under 17, when in fact more points are assigned when a victim is under 11; the risk assessment instrument here assigned the proper point value for victims under the age of 11. Nevertheless, the calculation's use of the guidelines' "under 11" category did not adequately take into account the factor of the victims' ages to an appropriate degree. A five-year-old victim has a far more limited ability than a 10-year-old to recognize or identify mistreatment by a trusted adult.

Both the ages of his victims and defendant's gross abuse of the familial trust of such young children when they were left home alone with him constituted proper aggravating factors *fully supporting the hearing court's departure from the risk level calculation in the risk assessment instrument (see e.g. People v Ferrer*, 35 AD3d 297 [2006], *lv denied* 8 NY3d 807 [2007]; *People v Hill*, 50 AD3d 990 [2008], *lv denied* 11 NY3d 701 [2008]).

Defendant also argues that his counsel rendered ineffective assistance at the classification hearing. Assuming, without deciding, that the state and federal standards for effective assistance at a criminal trial apply to a sex offender adjudication (*see People v Reid*, 59 AD3d 158 [2009], *lv denied* 12 NY3d 708

[2009]), we conclude that defendant received effective assistance (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). In particular, counsel could have reasonably concluded that there was no defense to the serious aggravating factors that led to the upward departure (*see People v DeFreitas*, 213 AD2d 96, 101 [1995], *lv denied* 86 NY2d 872 [1995]), and defendant was not prejudiced by the alleged deficiencies in counsel's performance. Concur—Gonzalez, P.J., Saxe, McGuire, Manzanet-Daniels and Román, JJ.

Motion seeking to strike portions of respondent's brief granted.