# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**882**

**KA 10-01759**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                        MEMORANDUM AND ORDER

MICHAEL W. MYERS, DEFENDANT-APPELLANT.

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (JOSEPH G. FRAZIER OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from an order of the Niagara County Court (Sara S. Sperrazza, J.), dated June 30, 2010. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq*.). We reject defendant's contention that County Court erred in assessing 10 points under risk factor 13 on the risk assessment instrument based on his unsatisfactory conduct while confined. Points are properly assessed under that risk factor against "an offender . . . who receives dispositions for behavior such as attempting to contact the victim" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 16 [2006]). Here, defendant admitted at the SORA hearing that he sent two letters from prison to the police officer who arrested him, threatening to kill the officer and his family. In addition, the case summary, which was admitted in evidence at the SORA hearing, stated that defendant had "39 Tier II infractions and 10 serious Tier III infractions" while incarcerated. We thus conclude that the court properly assessed the 10 points in question.

Defendant further contends that he was denied a meaningful opportunity to present mitigating evidence at the SORA hearing concerning risk factor 13. Although the People did not provide timely notice of their intent to seek an assessment of points under that risk factor (*see* Correction Law § 168-n [3]), the court granted defense counsel a brief adjournment to review the "documentary evidence" sought to be admitted by the People with respect to risk factor 13

(*see People v Inghilleri*, 21 AD3d 404, 405).  Defense counsel availed himself of the adjournment and proceeded with the hearing without requesting a further adjournment or any other corrective action (*see People v Jordan*, 31 AD3d 1196, *lv denied* 7 NY3d 714), and thus defendant is deemed to have waived his present contention concerning risk factor 13 (*see generally People v Forshey*, 298 AD2d 962, 963, *lv denied* 99 NY2d 558, 100 NY2d 561).  We note in any event that there was no prejudice to defendant inasmuch as he was aware prior to the SORA hearing of the nature of the evidence sought to be admitted by the People with respect to that risk factor.  Thus, under the circumstances, defendant was not deprived of a meaningful opportunity to present mitigating evidence (*see generally People v Wheeler*, 59 AD3d 1007, *lv denied* 12 NY3d 711; *People v Warren*, 42 AD3d 593, 593-594, *lv denied* 9 NY3d 810).

Entered:  September 30, 2011                    Patricia L. Morgan
                                                Clerk of the Court