# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

88

KA 10-01389

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, VALENTINO, AND MARTOCHE, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

NATHANIEL SHEPARD, III, DEFENDANT-APPELLANT.

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------

Appeal from an order of the Monroe County Court (Frank P. Geraci, Jr., J.), entered June 7, 2010.  The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*), defendant contends that County Court violated his due process rights by ordering an upward departure from his presumptive risk level without informing him that it intended to consider such a departure, which the People had not requested. Defendant, however, failed to preserve that contention for our review (*see generally People v Wroten*, 286 AD2d 189, 195-196, *lv denied* 97 NY2d 610).

Defendant further contends that the court abused its discretion in finding that a departure from risk level two to risk level three was justified by the evidence adduced at the SORA hearing.  "A court may make an upward departure from a presumptive risk level when, after consideration of the indicated factors . . . [,] there exists an aggravating . . . factor of a kind, or to a degree, not otherwise adequately taken into account by the [risk assessment] guidelines" (*People v Grady*, 81 AD3d 1464, 1464; *see People v Howe*, 49 AD3d 1302, 1302).  Here, the court properly based its upward departure on reliable hearsay from the presentence report and the case summary, which demonstrates that defendant forcibly raped a 10-year-old girl when he was 11 years old and participated in the gang rape of a 14-year-old girl when he was 15 years old.  Contrary to defendant's assertion, his commission of those illegal sexual acts as a youth is an aggravating factor not adequately accounted for by the risk

assessment instrument. Although defendant had been assessed, inter alia, 30 points under risk factor 9 ("Number and nature of prior crimes"), that assessment was based solely on his prior attempted robbery convictions. As the People correctly note, defendant could not have been assessed points under risk factor 9 for raping the 10-year-old girl or for later gang-raping the 14-year-old girl because he was neither convicted of a crime for either act nor adjudicated a juvenile delinquent for a sex offense based on either act. Thus, the court properly relied on defendant's prior juvenile sex offenses in determining that he poses a level three risk of reoffending.

Entered: February 8, 2013

Frances E. Cafarell
Clerk of the Court