# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

787
KA 12-01762
PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, WHALEN, AND MARTOCHE, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

BRYAN SMITH, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JESSAMINE I. JACKSON OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Erie County Court (Kenneth F. Case, J.), entered August 14, 2012. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level three risk under the Sex Offender Registration Act (Correction Law § 168 *et seq.*), defendant contends that he was denied due process because he did not receive timely notification that "his . . . case [was] under review and that he . . . [was] permitted to submit to the [Board of Examiners of Sex Offenders (Board)] any information relevant to the review" (§ 168-n [3]). We reject that contention. Although the People did not timely notify defendant that his case was under review, County Court "offered defendant an adjournment and thus afforded defendant a meaningful opportunity" to prepare and submit mitigating evidence (*People v Jordan*, 31 AD3d 1196, 1196, *lv denied* 7 NY3d 714; *see People v Myers*, 87 AD3d 1286, 1287, *lv denied* 18 NY3d 802). Contrary to defendant's further contention, the court properly assessed 15 points for his history of drug or alcohol abuse as recommended in the risk assessment instrument. The court's determination to accept that recommendation is supported by the requisite clear and convincing evidence (*see generally* § 168-n [3]).

Also contrary to defendant's contention, he "failed to present clear and convincing evidence of special circumstances justifying a downward departure" (*People v McDaniel*, 27 AD3d 1158, 1159, *lv denied* 7 NY3d 703). Defendant's "significant educational and rehabilitative efforts while confined, which he claims have reduced his likelihood of reoffending[,] . . . already were taken into account by the guidelines, as evidenced by the scoring on the risk assessment

instrument for . . . conduct while confined (risk factor 13)" (*People v Kotzen*, 100 AD3d 1162, 1163, *lv denied* 20 NY3d 860).  Defendant also contends that his age and health are mitigating factors warranting a downward departure, but we conclude that he failed to establish that he has "physical conditions that minimize [the] risk of re-offense" (Correction Law § 168-*l* [5] [d]; *see People v Curthoys*, 77 AD3d 1215, 1217).

Entered:  July 19, 2013                          Frances E. Cafarell
                                                 Clerk of the Court