# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1025**

**KA 12-01533**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

LASHAWN J. SCOTT, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Monroe County Court (Frank P. Geraci, Jr., J.), entered July 25, 2012. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On a prior appeal, we reversed an order determining that defendant was a level three risk under the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq*.), and we remitted the matter to County Court for further proceedings on the ground that the People had "failed to provide defendant with the requisite 10-day notice that they intended to seek a determination different from that recommended by the Board of Examiners of Sex Offenders" (*People v Scott*, 96 AD3d 1430, 1430; *see* § 168-n [3]). Defendant now appeals from an order that, following a new hearing, again classified him as a level three risk, and he contends that the court erred in denying his request for a downward departure from his presumptive risk level. We reject that contention.

It is well settled that the burden is on the People "to establish defendant's risk level under SORA by clear and convincing evidence" (*People v Brown*, 302 AD2d 919, 920; *see* Correction Law § 168-n [3]; *People v Wroten*, 286 AD2d 189, 199, *lv denied* 97 NY2d 610). Once that presumptive risk level is established, however, either the People or the defendant may seek a departure from that presumptive risk level. "A departure from the presumptive risk level is warranted where 'there exists an aggravating or mitigating factor of a kind or to a degree, not otherwise adequately taken into account by the guidelines' (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed]). There must exist clear and convincing evidence of the existence of special circumstance[s] to warrant an upward or

downward departure" (*People v Guaman*, 8 AD3d 545, 545; *see People v Perrah*, 99 AD3d 1257, 1257, *lv denied* 20 NY3d 854; *cf. People v Wyatt*, 89 AD3d 112, 122-128, *lv denied* 18 NY3d 803). In our view, "defendant failed to establish his entitlement to a downward departure from the presumptive risk level inasmuch as he failed to present the requisite clear and convincing evidence of the existence of special circumstances warranting a downward departure" (*People v Marks*, 31 AD3d 1142, 1143, *lv denied* 7 NY3d 715; *see People v Hamelinck*, 23 AD3d 1060, 1060).

Entered:  November 8, 2013

Frances E. Cafarell
Clerk of the Court