■ The People of the State of New York, Respondent, v Requiere Bogan, Appellant. [982 NYS2d 682]—

Appeal from an order of the Monroe County Court (Frank P. Geraci, Jr., J.), entered September 17, 2012. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), defendant contends that County Court erred in denying his request for a downward departure to risk level two. We reject that contention. "A departure from the presumptive risk level is warranted where 'there exists an aggravating or mitigating factor of a kind or to a degree, not otherwise adequately taken into account by the guidelines' (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed]). There must exist clear and convincing evidence of the existence of special circumstance to warrant an upward or downward departure" (*People v Guaman*, 8 AD3d 545, 545 [2004]; *see People v Mc-*

*Daniel*, 27 AD3d 1158, 1159 [2006], *lv denied* 7 NY3d 703 [2006]; *People v Douglas*, 18 AD3d 967, 968 [2005], *lv denied* 5 NY3d 710 [2005]).

Here, the reasons proffered by defendant in support of his request for a downward departure—the fact that he participated in various programs offered to him in prison, thus making him a "changed man," and his assertion that he is not a "serial rapist"—were already taken into account by the guidelines, as reflected by the scoring on the risk assessment instrument, and thus may not provide the basis for a downward departure (*see People v Smith*, 108 AD3d 1215, 1216 [2013], *lv denied* 22 NY3d 856 [2013]; *People v Kotzen*, 100 AD3d 1162, 1162-1163 [2012], *lv denied* 20 NY3d 860 [2013]). Defendant thus "failed to establish his entitlement to a downward departure from the presumptive risk level inasmuch as he failed to present the requisite clear and convincing evidence of the existence of special circumstances warranting a downward departure" (*People v Marks*, 31 AD3d 1142, 1143 [2006], *lv denied* 7 NY3d 715 [2006]; *see People v Hamelinck*, 23 AD3d 1060, 1060 [2005]). Present—Centra, J.P., Fahey, Lindley, Sconiers and Whalen, JJ.