# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

356

KA 12-01931

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

REQUIERE BOGAN, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Monroe County Court (Frank P. Geraci, Jr., J.), entered September 17, 2012. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), defendant contends that County Court erred in denying his request for a downward departure to risk level two. We reject that contention. "A departure from the presumptive risk level is warranted where 'there exists an aggravating or mitigating factor of a kind or to a degree, not otherwise adequately taken into account by the guidelines' (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed]). There must exist clear and convincing evidence of the existence of special circumstance to warrant an upward or downward departure" (*People v Guaman*, 8 AD3d 545, 545; *see People v McDaniel*, 27 AD3d 1158, 1159, *lv denied* 7 NY3d 703; *People v Douglas*, 18 AD3d 967, 968, *lv denied* 5 NY3d 710).

Here, the reasons proffered by defendant in support of his request for a downward departure — the fact that he participated in various programs offered to him in prison, thus making him a "changed man," and his assertion that he is not a "serial rapist" — were already taken into account by the guidelines, as reflected by the scoring on the risk assessment instrument, and thus may not provide the basis for a downward departure (*see People v Smith*, 108 AD3d 1215, 1216, *lv denied* 22 NY3d 856; *People v Kotzen*, 100 AD3d 1162, 1162-1163, *lv denied* 20 NY3d 860). Defendant thus "failed to establish his

entitlement to a downward departure from the presumptive risk level inasmuch as he failed to present the requisite clear and convincing evidence of the existence of special circumstances warranting a downward departure" (*People v Marks*, 31 AD3d 1142, 1143, *lv denied* 7 NY3d 715; *see People v Hamelinck*, 23 AD3d 1060, 1060).

Entered:  March 28, 2014                    Frances E. Cafarell
                                            Clerk of the Court