# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**863**

**KA 13-01185**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ALVIN JOHNSON, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from an order of the Monroe County Court (James J. Piampiano, J.), entered May 22, 2013. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*), defendant contends, *inter alia*, that County Court erred in refusing to grant him a downward departure from the presumptive risk level. We reject that contention.

While a court has the discretion to grant a downward departure, it may do so "only after a defendant makes a twofold showing. First, a defendant must identify, as a matter of law, an appropriate mitigating factor, namely, a factor which 'tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines' . . . Second, a defendant must prove by a preponderance of the evidence the facts necessary to support that mitigating factor . . . In the absence of that twofold showing, the court lacks discretion to depart from the presumptive risk level" (*People v Henry*, 106 AD3d 796, 796, *lv denied* 21 NY3d 863; *see People v Wyatt*, 89 AD3d 112, 128, *lv denied* 18 NY3d 803; *see generally People v Gillotti*, ___ NY3d ___, ___ [June 10, 2014]). Defendant contended during the SORA hearing that his age, lengthy incarceration, and maturation were factors that tended to reduce his risk of reoffending, but he failed to submit any evidence to support that contention. We thus conclude that he failed to meet the requisite burden of proof.

We have reviewed defendant's remaining contention and conclude that it lacks merit.

Entered:  September 26, 2014                    Frances E. Cafarell
                                               Clerk of the Court