# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1330

KA 13-01958

PRESENT: CENTRA, J.P., FAHEY, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TIMOTHY D. SCHEIFLA, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (VINCENT F. GUGINO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Erie County Court (Kenneth F. Case, J.), entered October 3, 2013. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). The Board of Examiners of Sex Offenders determined that defendant was a level one risk with a total risk factor score of 60, but recommended an upward departure to a level two risk. County Court recalculated defendant's presumptive risk level, assigning points for risk factors 3 (more than three victims) and 7 (relationship with the victim, i.e., a stranger), bringing defendant to a total risk factor score of 110, which is a level three risk. The court then ordered a downward departure from a level three risk to a level two risk. We affirm.

Defendant contends that there was insufficient evidence for the court to assess points against defendant for risk factors 3 and 7. We disagree. The People provided clear and convincing evidence of risk factors 3 and 7, based on the number of images and videos depicting child pornography that were in defendant's possession (*see People v Poole*, 90 AD3d 1550, 1550-1551; *see generally* Correction Law § 168-n [3]; *People v Johnson*, 11 NY3d 416, 420; *People v Vaillancourt*, 112 AD3d 1375, 1375-1376, *lv denied* 22 NY3d 864).

We further conclude that the court had the discretion to order a downward departure from its recalculated presumptive risk level (*see generally People v Johnson*, 120 AD3d 1542, 1542, *lv denied* 24 NY3d 910). It is well settled that " '[a] departure from the presumptive

risk level is warranted where there exists an aggravating or mitigating factor of a kind or to a degree, not otherwise adequately taken into account by the [SORA] guidelines' " (*People v Moore*, 115 AD3d 1360, 1360-1361; *see People v Scott*, 111 AD3d 1274, 1275, *lv denied* 22 NY3d 861).  Here, the record establishes that defendant identified an appropriate mitigating factor in favor of a downward departure not adequately accounted for by the SORA guidelines, and that defendant proved by the preponderance of the evidence the facts necessary to support that downward departure from his recalculated presumptive risk level (*see Johnson*, 120 AD3d at 1542).

Entered:  February 6, 2015                    Frances E. Cafarell
                                              Clerk of the Court