■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW SYMONDS, Appellant. [46 NYS3d 346]—

Appeal from an order of the Livingston County Court (Robert B. Wiggins, J.), entered March 5, 2015. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), defendant contends that County Court erred in granting an upward departure from his presumptive classification as a level one risk. We reject that contention. It is well settled that a court may grant an upward

departure from a sex offender's presumptive risk level when the People establish, by clear and convincing evidence (*see* § 168-n [3]; *People v Gillotti*, 23 NY3d 841, 861-862 [2014]), the existence of "an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [risk assessment] guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; *see People v Shepard*, 103 AD3d 1224, 1224 [2013], *lv denied* 21 NY3d 856 [2013]; *People v Wheeler*, 59 AD3d 1007, 1008 [2009], *lv denied* 12 NY3d 711 [2009]). Here, there is clear and convincing evidence of "defendant's exploitation of his relationship of trust with the victim[ ]" over a period of more than a year (*People v Botindari*, 107 AD3d 1607, 1608 [2013]), which constituted an aggravating factor of a kind or to a degree not otherwise taken into account by the risk assessment guidelines (*see People v Mantilla*, 70 AD3d 477, 478 [2010], *lv denied* 15 NY3d 706 [2010]; *People v Hill*, 50 AD3d 990, 991 [2008], *lv denied* 11 NY3d 701 [2008]; *People v Ferrer*, 35 AD3d 297, 297 [2006], *lv denied* 8 NY3d 807 [2007]). Present—Whalen, P.J., Smith, Peradotto, DeJoseph and Curran, JJ.