# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**48**
**KA 15-01103**
PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

MATTHEW SYMONDS, DEFENDANT-APPELLANT.

---

CHARLES J. GREENBERG, AMHERST, FOR DEFENDANT-APPELLANT.

GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------

Appeal from an order of the Livingston County Court (Robert B. Wiggins, J.), entered March 5, 2015. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq*.), defendant contends that County Court erred in granting an upward departure from his presumptive classification as a level one risk. We reject that contention. It is well settled that a court may grant an upward departure from a sex offender's presumptive risk level when the People establish, by clear and convincing evidence (*see* § 168-n [3]; *People v Gillotti*, 23 NY3d 841, 861-862), the existence of "an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [risk assessment] guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; *see People v Shepard*, 103 AD3d 1224, 1224, *lv denied* 21 NY3d 856; *People v Wheeler*, 59 AD3d 1007, 1008, *lv denied* 12 NY3d 711). Here, there is clear and convincing evidence of "defendant's exploitation of his relationship of trust with the victim[ ]" over a period of more than a year (*People v Botindari*, 107 AD3d 1607, 1608), which constituted an aggravating factor of a kind or to a degree not otherwise taken into account by the risk assessment guidelines (*see People v Mantilla*, 70 AD3d 477, 478, *lv denied* 15 NY3d 706; *People v Hill*, 50 AD3d 990, 991, *lv denied* 11 NY3d 701; *People v Ferrer*, 35 AD3d 297, 297, *lv denied* 8 NY3d 807).

Entered: February 3, 2017                    Frances E. Cafarell
                                             Clerk of the Court