Appeal from an order of the Livingston County Court (Robert B. Wiggins, J.), entered March 5, 2015. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that County Court erred in granting an upward departure from his presumptive classification as a level one risk. We reject that contention. It is well settled that a court may grant an upward *1326 departure from a sex offender’s presumptive risk level when the People establish, by clear and convincing evidence (see § 168-n [3]; People v Gillotti, 23 NY3d 841, 861-862 [2014]), the existence of “an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [risk assessment] guidelines” (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; see People v Shepard, 103 AD3d 1224, 1224 [2013], lv denied 21 NY3d 856 [2013]; People v Wheeler, 59 AD3d 1007, 1008 [2009], lv denied 12 NY3d 711 [2009]). Here, there is clear and convincing evidence of “defendant’s exploitation of his relationship of trust with the victim [ ]” over a period of more than a year (People v Botindari, 107 AD3d 1607, 1608 [2013]), which constituted an aggravating factor of a kind or to a degree not otherwise taken into account by the risk assessment guidelines (see People v Mantilla, 70 AD3d 477, 478 [2010], lv denied 15 NY3d 706 [2010]; People v Hill, 50 AD3d 990, 991 [2008], lv denied 11 NY3d 701 [2008]; People v Ferrer, 35 AD3d 297, 297 [2006], lv denied 8 NY3d 807 [2007]).
Present — Whalen, P.J., Smith, Peradotto, DeJoseph and Curran, JJ.