People of State of New York v Del Rosario (2019 NY Slip Op 01626)





People of State of New York v Del Rosario


2019 NY Slip Op 01626


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2018-01272

[*1]People of State of New York, respondent,
v
Sergio Del Rosario, appellant.


Clare J. Degnan, White Plains, NY (Salvatore A. Gaetani of counsel; Christopher J. Peticca on the brief), for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (John J. Carmody and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated December 20, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed.
Where, as here, the People seek an upward departure from the defendant's presumptive risk level, they must identify an aggravating factor that tends to establish a higher likelihood of reoffense or danger to the community not adequately taken into account by the risk assessment instrument (hereinafter RAI), and prove the facts in support of the aggravating factor by clear and convincing evidence (see People v Brown, 163 AD3d 727; see also People v Gillotti, 23 NY3d 841, 861). "Once this burden is satisfied, the court may, in its discretion, choose to upwardly depart if the factor indicates that the point score on the [RAI] has resulted in an underassessment of the offender's actual risk to the public" (People v Ragabi, 150 AD3d 1161, 1161; see People v Gillotti, 23 NY3d at 861).
Here, the upward departure was based on the defendant's close family relationship with the victim, as well as his reported motivation in raping the victim in order to exact revenge against the victim's mother. The fact that the defendant had a close family relationship with the victim was not taken into account by the RAI (see People v Michaux, 157 AD3d 735; People v Mantilla, 70 AD3d 477). Moreover, the defendant's reported motivation for raping the victim reflects a lack of insight into his conduct not adequately taken into account by the RAI. Accordingly, the Supreme Court providently exercised its discretion in granting the People's application for an upward departure (see People v Gillotti, 23 NY3d at 861).
DILLON, J.P., ROMAN, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court