People v Foerster (2019 NY Slip Op 04600)





People v Foerster


2019 NY Slip Op 04600


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


666 KA 18-01567

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STEVEN J. FOERSTER, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (Stephen T. Miller, A.J.), entered April 12, 2018. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that County Court erred in assessing 20 points under risk factor 7 for conduct directed at a stranger. We reject that contention. The People established that defendant's computer contained more than 10,000 images of child pornography, including images of at least 392 separate children, that he told the police that he stumbled onto those images on the internet, and that he thought that they depicted children who were 13 to 14 years old despite the fact that at least one of the images depicted a victim who was a toddler still wearing a diaper. The Court of Appeals has made clear that "the plain terms of factor 7 authorize the assessment of points based on a child pornography offender's stranger relationship with the children featured in his or her child pornography files, and thus points can be properly assessed under that factor due to an offender's lack of prior acquaintance with the children depicted in the files" (People v Gillotti, 23 NY3d 841, 854 [2014]). Based on the facts noted above, we reject defendant's contention that the People failed to establish that the children depicted in the videos were strangers to him. We conclude that "[d]efendant's crime was unquestionably directed at . . . stranger[s]' " (People v Johnson, 11 NY3d 416, 420 [2008]), and thus "[t]he People provided clear and convincing evidence of risk factor[] . . . 7" (People v Scheifla, 125 AD3d 1399, 1399 [4th Dept 2015], lv denied 25 NY3d 908 [2015]). Consequently, the court properly assessed 20 points under that factor.
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court