People v Rodriguez (2022 NY Slip Op 05380)

People v Rodriguez

2022 NY Slip Op 05380

Decided on September 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 29, 2022

Before: Acosta, P.J., Mazzarelli, Gesmer, González, Pitt, JJ. 

Ind. No. 72/16 Appeal No. 16301 Case No. 2019-05436 

[*1]The People of the State of New York, Respondent,
v
Mark Rodriguez, Defendant-Appellant.

Robert S. Dean, Center for Appellate Litigation, New York (Nicole P. Geoglis of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Julia L. Chariott of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about November 22, 2019, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion in granting the People's request for an upward departure based on clear and convincing evidence establishing the existence of aggravating factors not adequately accounted for by the risk assessment instrument (see generally People v Gillotti, 23 NY3d 841 [2014]). This departure was not based on the mere fact of an incestuous relationship, but on the egregious circumstances of this particular relationship (see People v Mantilla, 70 AD3d 477, 478 [1st Dept 2010], lv denied 15 NY3d 706 [2010]; People v Ferrer, 35 AD3d 297 [1st Dept 2006], lv denied 8 NY3d 807 [2007]). Among other things, defendant forced his 13-year-old daughter to engage in sexual intercourse, he took no precautions against conception, he continued to sexually assault her while she was pregnant, and he threatened her with violence if she revealed the abuse. Furthermore, the mitigating factors cited by defendant were outweighed by the aggravating factors.
The hearsay documents challenged by defendant were sufficiently reliable to be admitted (see People v Sincerbeaux, 27 NY3d 683, 687-688 [2016]; People v Mingo, 12 NY3d 563, 572-574 [2009]), and any error in this regard was harmless in any event.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 29, 2022