People v Colunga (2024 NY Slip Op 03647)

People v Colunga

2024 NY Slip Op 03647

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DELCONTE, KEANE, AND HANNAH, JJ.

445 KA 23-00648

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
VINCENT COLUNGA, DEFENDANT-APPELLANT.

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

Appeal from an order of the Monroe County Court (Caroline E. Morrison, J.), entered January 12, 2023. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.). The risk assessment instrument prepared by the Board of Examiners of Sex Offenders assessed 30 points against defendant under risk factor 5, for the age of the victims, making him a presumptive level one risk. At the People's request, County Court assessed additional points under risk factor 3, for number of victims, and risk factor 7, for conduct directed at a stranger, making defendant a presumptive level two risk. The court thereafter denied defendant's request for a downward departure to a level one risk. We affirm.
Contrary to defendant's contention, the court did not err in assessing points against him under risk factor 5. The People provided clear and convincing evidence supporting an assessment of points for risk factor 5, properly relying on defendant's admission that he used a peer-to-peer network in order to obtain images of child pornography—including images of prepubescent children and images involving sadistic and masochistic conduct—in combination with evidence from his case summary and presentence investigation report that his computer contained thousands of images of child pornography and that he had deleted files with titles describing images of children under 10 years of age (see People v Vasquez, 149 AD3d 1584, 1585 [4th Dept 2017], lv denied 29 NY3d 916 [2017]; see generally Correction Law § 168-n [3]; People v Mingo, 12 NY3d 563, 571-572 [2009]). We thus reject defendant's claim that the People failed to prove by clear and convincing evidence that he possessed an unlawful image of a child who was age "10 or less."
We reject defendant's further contention that the court erred in denying his request for a downward departure. The court properly determined that defendant failed to meet his burden of establishing by a preponderance of the evidence the existence of an appropriate mitigating factor that is of a kind or to a degree not adequately taken into account by the risk assessment guidelines (see People v Stevens, 207 AD3d 1061, 1061 [4th Dept 2022], lv denied 39 NY3d 903 [2022]; see generally People v Gillotti, 23 NY3d 841, 853 [2014]). The court thus lacked the discretion to order a downward departure (see Stevens, 207 AD3d at 1061-1062; People v Johnson, 120 AD3d 1542, 1542 [4th Dept 2014], lv denied 24 NY3d 910 [2014]). Moreover, even assuming, arguendo, that defendant met his burden on the first two steps of the downward departure analysis (see generally Gillotti, 23 NY3d at 861), we conclude that the totality of the circumstances does not warrant a downward departure inasmuch as defendant's presumptive risk [*2]level does not represent an overassessment of his dangerousness and risk of sexual recidivism given, among other factors, the nature and volume of images possessed by defendant (see Stevens, 207 AD3d at 1062).
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court