People v Diaz (2025 NY Slip Op 03637)

People v Diaz

2025 NY Slip Op 03637

Decided on June 12, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 12, 2025

Before: Kern, J.P., Kennedy, Friedman, Shulman, O'Neill Levy, JJ. 

Ind No. 4857/16|Appeal No. 4584|Case No. 2023-01003|

[*1]The People of the State of New York, Respondent,
v
Marianella Diaz, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Benjamin Rutkin-Becker of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Samuel Z. Goldfine of counsel), for respondent.

Order, Supreme Court, New York County (Ann E. Scherzer, J.), entered on or about February 3, 2023, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court correctly assessed 10 points for unsatisfactory conduct while confined, based on defendant's three tier II infractions and her tier III violation (see People v Parks, 216 AD3d 462, 463 [1st Dept 2023]). Her disciplinary violations "were not remote in time, and the record fails to support defendant's remaining arguments against this assessment" (People v Morales, 157 AD3d 475, 475 [1st Dept 2018], lv denied 31 NY3d 903 [2018]).
The court also providently denied defendant's request for a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). Defendant failed to show how the support of her family "decreased [her] particular likelihood of reoffense" (People v Perez, 226 AD3d 487, 487 [1st Dept 2024], lv denied 42 NY3d 905 [2024]; see also People v Torres, 234 AD3d 604, 604-605 [1st Dept 2025]), particularly given that she had "the same support network at the time of the underlying misconduct" (People v Talavera, 223 AD3d 538, 538 [1st Dept 2024], lv dismissed in part, denied in part 41 NY3d 999 [2024]). Further, defendant's "abstinence, while incarcerated, from using substances that are prohibited in prison was insufficient to predict [her] postrelease behavior" (People v Sepulveda, 187 AD3d 448, 448 [1st Dept 2020], lv denied 36 NY3d 904 [2021]; see also People v Hosear, 151 AD3d 416 [1st Dept 2017], lv denied 30 NY3d 907 [2017]), and her participation in vocational and therapeutic programming in prison was "not so exceptional as to warrant a departure under the totality of circumstances" (People v Colon, 213 AD3d 419, 420 [1st Dept 2023], lv denied 39 NY3d 914 [2023]).
In any event, to the extent defendant identified any mitigating factors, they "were outweighed by the seriousness of the underlying sexual offense[s]" (People v Williams, 220 AD3d 512, 513 [1st Dept 2023], lv denied 41 NY3d 905 [2024]). Defendant repeatedly victimized her own son and daughter over a period of months, "bespeak[ing]
a degree of depravity indicative of a complete inability to exercise any self-control" (People v Mantilla, 70 AD3d 477, 478 [1st Dept 2010], lv denied 15 NY3d 706 [2010]). Thus, her designation as a level three offender was appropriate.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 12, 2025