THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE R. MABB, Appellant. [821 NYS2d 483]—

Peters, J. Appeal from an order of the County Court of Saratoga County (Scarano, Jr., J.), rendered June 7, 2005, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

Following defendant's 2000 conviction upon his plea of guilty to rape in the second degree, he was sentenced to a prison term of 3 to 6 years. In anticipation of his release, the Board of Examiners of Sex Offenders completed a risk assessment instrument assigning defendant a score of 75, which placed him in the presumptive risk level II category under the Sex Offender Registration Act (*see* Correction Law art 6-C). However, the Board recommended that he be classified as a risk level III sex offender based on the existence of a presumptive override factor, namely, a 1994 felony conviction for attempted rape in the first degree. After a hearing, County Court adopted the Board's recommendation by written order and defendant now appeals.

While the existence of an applicable override factor—here, defendant's prior felony conviction for a sex crime—does not mandate a risk level III classification (*see People v Sanchez*, 20 AD3d 693, 694 [2005]), it does raise defendant's presumptive risk level from level II to level III (*see People v David W.*, 95 NY2d 130, 135 [2000]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 3-4 [Nov. 1997]). Any downward departure from a presumptive risk level must be supported by clear and convincing evidence of mitigating circumstances (*see People v Mothersell*, 26 AD3d 620, 621 [2006]; *People v Douglas*, 18 AD3d 967, 968 [2005], *lv denied* 5 NY3d 710 [2005]). As no such evidence is presented here, we are unable to conclude that County Court abused its discretion in classifying defendant as a risk level III sex offender.

Cardona, P.J., Mercure, Crew III and Spain, JJ., concur. Ordered that the order is affirmed, without costs.