■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD A. JOHNSON, Appellant. [848 NYS2d 379]—

Mugglin, J. Appeal from an order of the County Court of Broome County (Mathews, J.), rendered October 2, 2006, which classified defendant a risk level III sex offender pursuant to the Sex Offender Registration Act.

Defendant pleaded guilty in 2004 to the crime of rape in the third degree arising from multiple sexual encounters with a 16-year-old girl. In anticipation of defendant's release from prison, the Board of Examiners of Sex Offenders evaluated defendant and he was assigned 95 points on the risk assessment instrument, which would presumptively place him at a risk level II classification. However, defendant's 1994 felony convictions of rape in the first degree, sodomy in the first degree and sexual abuse in the first degree presented override factors which presumptively placed him at a risk level III classification. A hearing was convened, at the conclusion of which County Court adopted the Board's recommendation and classified defendant a risk level III sex offender. Defendant appeals.

At the hearing in County Court, defendant's counsel argued that defendant's prior convictions had already been scored against him by the addition of 30 points for risk factor 9 on the risk assessment instrument and, therefore, it would be improper for County Court to "double count" this conviction as an override factor. That argument is the premise for defendant's appellate argument that the court's risk assessment is not supported by clear and convincing evidence. We disagree and affirm.

"[W]hen an offender has a prior felony sex crime conviction, it is an automatic override to a level 3 risk . . . Because there is no mechanism in the instrument to score adequately a prior felony sex offense conviction and it is considered an automatic level 3 risk, a prior felony sex offense conviction is scored conservatively at only 30 points. However, in all cases where there is a prior felony sex offense conviction, the companion score is overridden by the Board and the Board recommendation is an automatic override to risk level 3, unless there is some cause for departure from that level" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, Guidelines, factor 9 [3] [2006]). Thus, defendant's "double-counting" argument is explicitly addressed and refuted by the guidelines when the prior felony is a sex crime. "Any downward departure from a presumptive risk level must be supported by clear and convincing evidence of mitigating circumstances" (People v Mabb, 32 AD3d 1135, 1135 [2006] [citations omitted]). Here, no such evidence is presented.

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.