THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN BARRIER, Also Known as BARRY, Appellant. [872 NYS2d 219]—

Stein, J. Appeal from an order of the County Court of Schenectady County (Drago, J.), entered April 29, 2008, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

Defendant pleaded guilty to the crime of sexual abuse in the first degree and was sentenced, as a second felony offender, to seven years in prison and five years of postrelease supervision. The Board of Examiners of Sex Offenders recommended that

defendant be classified as a risk level three sex offender and, following a hearing, County Court adopted the Board's recommendation. Defendant appeals and we now affirm.*

Defendant first contends that County Court erred in considering his two prior New Jersey convictions for sex crimes because, under the laws of that state, he was not required to register as a sex offender. This contention, however, is without merit. In the risk assessment instrument, the term "crime" is used broadly and "includes criminal convictions, youthful offender adjudications and juvenile delinquency findings[, as all of] these determinations are reliable indicators of wrongdoing and, therefore, should be considered in assessing an offender's likelihood of reoffense and danger to public safety" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 6 [2006]). Consequently, even though defendant apparently was not required to register as a sex offender in New Jersey, these prior convictions were properly considered when assessing his risk level in New York. Indeed, to the extent that these 1984 offenses included all of the essential elements of rape in the first degree (see Penal Law § 130.35 [1]) and rape in the second degree (see Penal Law § 130.30 [1]), they unquestionably reflect upon defendant's likelihood of reoffense and danger to public safety (cf. Correction Law § 168-a [2] [a] [i]; [3] [b]).

Defendant further contends that it was improper for County Court to score these prior convictions against him by the addition of 30 points for risk factor 9 on the risk assessment instrument, while at the same time using these convictions as override factors that presumptively placed him at a risk level three classification. This claim is also without merit, as County Court expressly declined to "double-dip" and, because it considered defendant's prior convictions as override factors, it deducted the 30 points initially added by the Board for risk factor 9. In any event, we have previously determined that, where the prior felony conviction is for a sex crime, such conviction may be used as both an override factor and a basis upon which to add 30 points for risk factor 9 on the risk assessment instrument (see People v Johnson, 46 AD3d 1032, 1033 [2007]; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, factor 9).

Likewise, we find unavailing defendant's contention that County Court erred in adding 15 points for risk factor 11 indicating a history of drug or alcohol abuse on the risk assess-

---

* Although the notice of appeal was filed on January 17, 2008, prior to entry of the order, we will exercise our discretion and treat the premature notice of appeal as valid (see CPLR 5520 [c]).

ment instrument. Defendant's presentence investigation report reveals that he was "drunk" at the time of the instant offense and, further, that he has previously used marihuana and crack cocaine and is now in recovery after completing a drug treatment program (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, factor 15). Finally, County Court did not err in finding that a downward departure from the assessed presumptive risk level was not warranted (*see People v Mabb,* 32 AD3d 1135, 1135 [2006]; *People v Mothersell,* 26 AD3d 620, 621 [2006]; *People v Douglas,* 18 AD3d 967, 968 [2005], *lv denied* 5 NY3d 710 [2005]).

Cardona, P.J., Peters and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.