# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

969

KA 10-01395

PRESENT: SMITH, J.P., CENTRA, CARNI, GREEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                    V                                    MEMORANDUM AND ORDER

EDWIN MONTANEZ, DEFENDANT-APPELLANT.

---

DONALD R. GERACE, UTICA, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (JOHN J. RASPANTE OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Supreme Court, Oneida County (Barry M. Donalty, A.J.), entered October 2, 2009. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq*.). We reject defendant's contention that the assessment of 15 points against him under the risk factor for drug or alcohol abuse is not supported by the requisite clear and convincing evidence (*see generally* § 168-n [3]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 15 [2006]). The risk assessment instrument (RAI) presented by the People contained defendant's admissions that he began using marihuana at age 9, alcohol at age 12, cocaine at age 25 and crack cocaine by the time he was in his 30s. Although the RAI sets forth that defendant had stopped using all substances for a period of time, it further describes his relapse four years prior to the instant offense. In addition, defendant admitted that he was intoxicated at the time of the rape of which he was convicted, and that intoxication, standing alone, would warrant the assessment of 15 points under the risk factor for drug or alcohol abuse (Risk Assessment Guidelines and Commentary, at 15).

Defendant failed to preserve for our review his contention that he was denied due process because he did not receive all of the specified information set forth in Correction Law § 168-n (3) prior to the SORA hearing (*see People v Charache*, 9 NY3d 829; *see also People v Neuer*, 86 AD3d 926; *People v Palmer*, 68 AD3d 1364, 1365). In any event, the record demonstrates that defendant was timely and

adequately notified of the purpose of the SORA hearing and that his attorney was provided with the RAI, case summary and presentence report 37 days before the hearing. We therefore conclude that defendant and his attorney were afforded an ample opportunity to respond to all aspects of the risk level assessments of the People and the Board of Examiners of Sex Offenders and thus that defendant was not denied due process (*see generally People v Warren*, 42 AD3d 593, 593-594, *lv denied* 9 NY3d 810; *People v Cureton*, 299 AD2d 532, *lv denied* 99 NY2d 627).

We reject defendant's further contention that Supreme Court erred in assessing 30 points against him under the risk factor for the number and nature of prior crimes, including a prior violent felony. Defendant was convicted of two violent felonies in 1981 and contends that the lapse of time between those prior convictions and the instant offense renders the assessment of points under that risk factor "constitutionally unfair." That risk factor, however, does not take into account the timing of any particular prior violent felony (*see* Risk Assessment Guidelines and Commentary, at 13-14). In any event, the recency of an offender's prior felony or sex crime is taken into account in risk factor 10 and, inasmuch as defendant's prior felonies occurred more than three years prior to the instant offense, he was not assessed any points under that risk factor.

Finally, defendant failed to preserve for our review his contention that the court erred in failing to determine that he was entitled to a downward departure to a level two risk, having failed to request such a departure (*see People v Ratcliff*, 53 AD3d 1110, *lv denied* 11 NY3d 708). In any event, we conclude that "defendant failed to present clear and convincing evidence of special circumstances justifying a downward departure" (*People v McDaniel*, 27 AD3d 1158, 1159, *lv denied* 7 NY3d 703; *see People v Fredendall*, 83 AD3d 1545).

Entered:  October 7, 2011                    Patricia L. Morgan
                                             Clerk of the Court