*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 21, 2015                    518572
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

KENNETH J. FILKINS II,
                    Appellant.
_____


Calendar Date:  March 24, 2015

Before:  Peters, P.J., Egan Jr., Rose and Lynch, JJ.

_____


        G. Scott Walling, Schenectady, for appellant.

        J. Anthony Jordan, District Attorney, Fort Edward (Sara E. Fisher of counsel), for respondent.

_____


Egan Jr., J.

        Appeal from an order of the County Court of Washington County (McKeighan, J.), entered August 22, 2013, which classified defendant as a risk level II sex offender pursuant to the Sex Offender Registration Act.

        Defendant pleaded guilty to a superior court information charging him with one count of attempted rape in the second degree and thereafter was sentenced to 90 days in the Washington County jail and 10 years of probation.  The underlying charge stemmed from an incident wherein defendant, then 19 years old, engaged in sexual intercourse with the 14-year-old victim.  In anticipation of his release, the Board of Examiners of Sex Offenders prepared a risk assessment instrument that presumptively classified defendant as a risk level II sex

offender (95 points) and recommended against a departure.  The People adopted this recommendation.  County Court thereafter denied defendant's request for a downward departure and classified him as a risk level II sex offender.

Upon appeal, this Court determined, among other things, that 20 points improperly were assessed for risk factor 4 and remitted this matter in order for County Court to make the requisite findings of fact and conclusions of law relative to defendant's request for a downward departure (107 AD3d 1069 [2013]).  Upon remittal, the parties submitted written arguments in lieu of a hearing, and such arguments were – on consent – limited to the record as it then existed.  After considering the parties' written submissions, County Court issued an order classifying defendant as a risk level II sex offender (75 points) and denying his request for a downward departure.  Defendant now appeals.

Preliminarily, to the extent that defendant faults County Court for failing to adhere to the three-step analysis outlined by the Court of Appeals in People v Gillotti (23 NY3d 841, 861 [2014]) in determining whether a departure from the presumptive risk level was warranted, we need note only that Gillotti was not decided until nearly 10 months after County Court issued the order from which this appeal is taken.  In any event, applying Gillotti to the instant appeal, the record reflects that defendant has failed to meet his threshold burden of identifying the existence of a mitigating factor "of a kind or to a degree [that is] not adequately taken into account by the guidelines" (id. at 861; see People v Kotzen, 100 AD3d 1162, 1163 [2012], lv denied 20 NY3d 860 [2013]) and, therefore, County Court did not abuse its discretion in denying defendant's request for a downward departure.

A review of the risk assessment instrument reveals that defendant was not assessed any points under risk factor 12 (acceptance of responsibility), which, contrary to defendant's assertion, indeed is an adequate reflection of his stated remorse and cooperation.  With respect to the 10 points assessed under risk factor 8 (age at first act of sexual misconduct), defendant notes that he was only a few days shy of his 20th birthday at the

time of the underlying offense and contends that, had he been 20 years old at the time thereof, he would have been presumptively classified as a risk level I sex offender. Defendant is incorrect. As we noted when this matter was last before us, points are assessed under risk factor 8 "when offenses are committed by those 20 [years old] or less" (107 AD3d at 1070 [internal quotation marks and citation omitted]; see People v Robertson, 101 AD3d 1671, 1672 [2012]). Hence, in order to avoid an assessment of points under risk factor 8, defendant would have to have been more than 20 years old at the time of his first offense, which he clearly was not. Accordingly, the assessment of points under this risk factor was entirely proper, and defendant's age at the time of the offense did not constitute a mitigating factor. Finally, to the extent that defendant's age disparity argument has been preserved for our review, we find it to be lacking in merit – particularly in view of the victim's statement that she was not a willing participant in the sexual contact at issue (compare People v Goossens, 75 AD3d 1171, 1172 [2010]; People v Brewer, 63 AD3d 1604, 1605 [2009]).

Peters, P.J., Rose and Lynch, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court