# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

517

KA 15-01130

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

DANIEL FINOCCHIARO, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (EVAN HANNAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------

Appeal from an order of the Onondaga County Court (Joseph E. Fahey, J.), entered January 27, 2015. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order designating him a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Contrary to defendant's contention, County Court did not "summarily adopt[  ]" the recommendation of the Board of Examiners of Sex Offenders in classifying defendant as a level three risk, nor did the court fail to set forth the conclusions of law upon which it based its determination. Moreover, the People did not fail to establish facts supporting the level three risk determination by clear and convincing evidence, as required (*see* § 168-n [3]; *People v Mingo*, 12 NY3d 563, 571; *People v Warrior*, 57 AD3d 1471, 1472; *People v Hamelinck*, 23 AD3d 1060, 1060). In particular, the People adduced clear and convincing proof supporting the assessment of 20 points against defendant under risk factor 7, which covers defendant's relationship with the victim. Given defendant's plea of guilty to disseminating indecent material to a 12-year-old in violation of Penal Law § 235.22, and further considering defendant's plea of guilty to having raped or sexually abused at least four additional underage girls throughout 2010, we conclude that there is ample evidence supporting the finding that defendant established his relationship with the 12-year-old for the purpose of victimizing her.

We reject defendant's contention that the court erred in failing to consider, as a basis for a downward departure from the presumptive

risk level, defendant's expressions of remorse at sentencing. "A departure from the presumptive risk level is warranted where 'there exists an aggravating or mitigating factor of a kind or to a degree, not otherwise adequately taken into account by the guidelines' (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed])" (*People v Guaman*, 8 AD3d 545, 545; *see People v Gillotti*, 23 NY3d 841, 861; *Hamelinck*, 23 AD3d at 1060). An offender's acceptance or nonacceptance of responsibility is taken into account by the guidelines (*see People v Filkins*, 128 AD3d 1231, 1232, *lv denied* 26 NY3d 904).

Entered: June 10, 2016                    Frances E. Cafarell
                                          Clerk of the Court