Appeal from an order of the Livingston County Court (Dennis S. Cohen, J.), entered February 26, 2015. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seg.). We reject the contention of defendant that County Court erred in determining that he is a level three risk. At the outset, we note that “[defendant failed to request a downward departure to a level two risk, and thus he failed to preserve for our review his contention that the court erred in failing to afford him that downward departure from his presumptive level three risk” (People v Quinones, 91 AD3d 1302, 1303 [2012], lv denied 19 NY3d 802 [2012]).
Contrary to defendant’s contention, the court properly assessed 10 points against him under risk factor 12, for failure to accept responsibility for his crime (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [Guidelines] at 15-16 [2006]). Although defendant pleaded guilty to the crime underlying the SORA determination, the case summary, defendant’s preplea investigation statement, and the statements that he made during the SORA hearing did not “reflect a genuine acceptance of responsibility as required by the risk assessment guidelines developed by the Board [of Examiners of Sex Offenders]” (People v Noriega, 26 AD3d 767, *1633 767 [2006], lv denied 6 NY3d 713 [2006] [internal quotation marks omitted]; see People v Smith, 75 AD3d 1112, 1112 [2010]). Rather than accepting responsibility, defendant attributed his behavior to being under the influence of alcohol and marihuana, blamed the victim, and refused to show remorse (see People v Wilson, 117 AD3d 1557, 1557-1558 [2014], lv denied 24 NY3d 902 [2014]; People v Urbanski, 74 AD3d 1882, 1883 [2010], lv denied 15 NY3d 707 [2010]; People v Kyle, 64 AD3d 1177, 1177 [2009], lv denied 13 NY3d 709 [2009]; Noriega, 26 AD3d at 767).
Contrary to defendant’s further contention, the court’s assessment of 10 points under risk factor 13, for conduct while confined (see Guidelines at 16), is supported by evidence establishing that, even though the case summary described defendant’s conduct while confined as “acceptable” (see People v Belile, 108 AD3d 890, 891 [2013], lv denied 22 NY3d 853 [2013]), his record while incarcerated included 19 tier II violations and five tier III violations (see People v Anderson, 137 AD3d 988, 988 [2016], lv denied 27 NY3d 909 [2016]; People v Correnti, 126 AD3d 681, 681 [2015]; People v Catchings, 56 AD3d 1181, 1182 [2008], lv denied 12 NY3d 701 [2009]).
Even assuming, arguendo, that defendant was a presumptive level two risk based on his total risk factor score, we conclude that the court properly determined, in the alternative, that an upward departure to a level three risk was warranted because there is clear and convincing evidence of “aggravating . . . circumstances . . . not adequately taken into account by the guidelines” (People v Gillotti, 23 NY3d 841, 861 [2014]; see People v Witherspoon, 140 AD3d 1674, 1674-1675 [2016], lv denied 28 NY3d 905 [2016]), including that defendant was diagnosed with pedophilia and had difficulty controlling his urges (see People v Moore, 130 AD3d 1498, 1498 [2015]; People v Mallaber, 59 AD3d 989, 990 [2009], lv denied 12 NY3d 710 [2009]; People v Seils, 28 AD3d 1158, 1158 [2006], lv denied 7 NY3d 709 [2006]).
Present—Whalen, P.J., Centra, Carni, Curran and Troutman, JJ.