## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  December 22, 2016                    520975
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,
            v                              MEMORANDUM AND ORDER

ROBERT C. SCONE,
                    Appellant.
_____

Calendar Date:  November 14, 2016

Before:  McCarthy, J.P., Garry, Rose, Mulvey and Aarons, JJ.

_____

        John R. Trice, Elmira, for appellant.

        Stephen K. Cornwell Jr., District Attorney, Binghamton
(Stephen D. Ferri of counsel), for respondent.

_____

Aarons, J.

        Appeal from an order of the County Court of Broome County
(Cawley, J.), entered March 11, 2015, which classified defendant
as a risk level three sex offender pursuant to the Sex Offender
Registration Act.

        Defendant was convicted upon his guilty plea of two counts
of attempted sexual abuse in the first degree for subjecting two
girls, ages three and four, to sexual contact while babysitting
them in 2005.  He was sentenced in 2012 to concurrent prison
terms of 1⅓ to 4 years.  Defendant also has a prior felony sex
offense conviction from 1990 for sexual abuse in the first degree
stemming from his abuse of two children, ages seven and 10, for
which he was sentenced to a prison term of 2 to 6 years and
adjudicated a risk level two sex offender.  In anticipation of

his release from prison on the 2012 sentence, the Board of Examiners of Sex Offenders calculated a total risk factor score of 85, which fell within the range of a risk level two sex offender.  However, the Board noted that defendant's prior felony conviction for a sex offense constituted an override, presumptively classifying him as a risk level three sex offender (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 3-4 [2006]).  Following a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6—C), County Court denied defendant's request for a downward departure and classified him as a risk level three sex offender, with a designation as a sexually violent and predicate felony offender. Defendant now appeals.

We affirm.  Defendant argues that County Court should have granted his request for a downward departure to a risk level two sex offender based upon the 15-year lapse between his sex crimes against children, his acceptance of responsibility and his completion of a sex offender treatment program while in prison.[1] While the application of an override for defendant's prior felony sex offense conviction is not mandatory, it raised the presumptive risk level to a level three (see People v Williamson, 73 AD3d 1398, 1399 [2010]; People v Mabb, 32 AD3d 1135, 1135 [2006]).  It was defendant's burden to establish by a preponderance of the evidence that a downward modification was warranted in that mitigating factors exist that were not adequately taken into account by the risk assessment instrument (see People v Gillotti, 23 NY3d 841, 861-863 [2014]; People v Moss, 22 NY3d 1094, 1095 [2014]; People v Mabb, 32 AD3d at 1135).

Defendant argued that his 1990 conviction was counted under both risk factor 9 for criminal history and for purposes of the presumptive override, and that there was a 15-year lapse between crimes, together warranting a downward modification.  We disagree, as the assignment of 30 points under factor 9 reflected that defendant had a prior sex crime conviction but did not take into consideration that it was a felony sex crime (see Sex

_____

[1]  Defendant did not challenge the assessment of points in the risk assessment instrument.

Offender Registration Act: Risk Assessment Guidelines and Commentary, Guidelines at factor 9 and Specific Guidelines at 13-14 [2006]).  We have previously determined that where the prior felony conviction is for a sex crime, such conviction may be used as both an override factor and a basis upon which to add 30 points for risk factor 9 on the risk assessment instrument (see People v Johnson, 46 AD3d 1032, 1033 [2007]; see also People v Reynolds, 90 AD3d 630, 631 [2011]; People v Barrier, 58 AD3d 1086, 1087 [2009], lvs denied 12 NY3d 707 [2009]).  With regard to the lapse of time between defendant's sex crimes, this is reflected in the fact that he was not assigned any points under risk factor 10 for recency of his prior crime (see People v Montanez, 88 AD3d 1278, 1280 [2011]).  We agree with County Court that this time interval is not a mitigating factor warranting a downward departure, particularly given the similarities in defendant's repeated and egregious conduct perpetrated against young children.

Further, defendant was not assigned any points for failing to accept responsibility under risk factor 12, which, contrary to his claims, adequately reflected his guilty plea and expressions of remorse (see People v Filkins, 128 AD3d 1231, 1232 [2015], lv denied 26 NY3d 904 [2015]).  His completion of sex offender treatment in prison was also taken into account in the scoring of his conduct while confined under risk factor 13, for which no points were assigned (see People v Kotzen, 100 AD3d 1162, 1163 [2012], lv denied 20 NY3d 860 [2013]).  County Court explained its reasons for denying the requested downward departure and we find no abuse of discretion in that decision, as defendant failed to prove the existence of any mitigating factors by a preponderance of the evidence (see People v Gillotti, 23 NY3d at 861-863; see also People v Howard, 27 NY3d 337, 342-343 [2016]; People v Pace, 121 AD3d 1315, 1316 [2014], lvs denied 24 NY3d 914 [2015]).

McCarthy, J.P., Garry, Rose and Mulvey, JJ., concur.

ORDERED that the order is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court