# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

316

KA 15-00977

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

KURT A. MCCALL, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from an order of the Monroe County Court (James J. Piampiano, J.), entered April 27, 2015. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), defendant contends that County Court erred in failing to grant a downward departure from his presumptive risk level. "Defendant failed to request a downward departure to a level two risk, and thus he failed to preserve for our review his contention that the court erred in failing to afford him that downward departure from his presumptive level three risk" (*People v Quinones*, 91 AD3d 1302, 1303, *lv denied* 19 NY3d 802; *see People v Havens*, 144 AD3d 1632, 1632; *People v Montanez*, 88 AD3d 1278, 1280; *cf*. *People v George*, 141 AD3d 1177, 1178).

In any event, we conclude that the facts herein do not warrant a downward departure. "A departure from the presumptive risk level is warranted if there is 'an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines' " (*People v Smith*, 122 AD3d 1325, 1325, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; *see People v Carlberg*, 145 AD3d 1646, 1646-1647). Defendant failed to identify or establish the existence of any such mitigating factor (*see People v Scone*, 145 AD3d 1327, 1328; *Montanez*, 88 AD3d at 1280; *see also People v Finocchiaro*, 140 AD3d 1676, 1676-

1677, *lv denied* 28 NY3d 906).