People v Capel (2018 NY Slip Op 07914)





People v Capel


2018 NY Slip Op 07914


Decided on November 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


1235 KA 17-01155

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DANTE CAPEL, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Vincent M. Dinolfo, A.J.), entered April 21, 2017. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order designating him a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.). We reject defendant's contention that Supreme Court abused its discretion in denying his request for a downward departure from the presumptive risk level (see People v Reber, 145 AD3d 1627, 1627 [4th Dept 2016], lv denied 29 NY3d 906 [2017]; People v Adams, 52 AD3d 1237, 1237 [4th Dept 2008], lv denied 11 NY3d 705 [2008]). Defendant was required to register as a sex offender in New York because he committed a classifying offense in another state (see § 168-a [2] [d] [ii]), and the court properly declined to grant a downward departure based on factors "adequately taken into account by the guidelines" (People v Finocchiaro, 140 AD3d 1676, 1676 [4th Dept 2016], lv denied 28 NY3d 906 [2016] [internal quotation marks omitted]). Defendant further contends that he should have received a downward departure because the victim's lack of consent in the underlying offense was based only on her age and the ages of the victim and defendant, 12 and 16 respectively, were relatively close. Defendant's contention lacks merit. The court properly considered all of the circumstances and determined that, notwithstanding defendant's contentions, the presumptive level two risk classification did not "result[] in an overassessment of defendant's risk to public safety" (People v George, 141 AD3d 1177, 1178 [4th Dept 2016]; cf. People v Carter, 138 AD3d 706, 707-708 [2d
Dept 2016]).
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court