People v Lane (2022 NY Slip Op 00482)





People v Lane


2022 NY Slip Op 00482


Decided on January 27, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 27, 2022

531040
[*1]The People of the State of New York, Respondent,
v
Todd Lane, Appellant.

Calendar Date:November 18, 2021

Before:Garry, P.J., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Shane A. Zoni, Public Defender, Hudson (Jessica Howser of counsel), for appellant.
David E. Woodin, Special Prosecutor, Catskill, for respondent.



Garry, P.J.
(1) Appeal from an order of the County Court of Columbia County (Koweek, J.), entered December 27, 2021, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act, and (2) motion pursuant to CPL 460.30 (1) for an extension of time to file a notice of appeal.
Defendant pleaded guilty to an indictment charging him with rape in the first degree, criminal sexual act in the first degree and sexual abuse in the first degree and, in January 2010, received an aggregate sentence of 10 years in prison to be followed by 20 years of postrelease supervision (192 AD3d 1262, 1262-1263 [2021]). Following a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), County Court denied defendant's request for a downward departure, classified him as a risk level two sex offender and designated him as a sexually violent offender. Defendant filed a July 2019 notice of appeal from that risk level assessment despite no written order having yet been signed. After County Court signed a written order on April 16, 2021, defendant moved in this Court for an extension of time to file a notice of appeal, pursuant to CPL 460.30 (1). We held the motion and the appeal in abeyance until the People ensured proper entry of the April 2021 order (___ AD3d ___, ___, 2021 NY Slip Op 07324, *4-5 [2021]), which has now occurred.
Defendant's motion was improperly made under CPL 460.30, as SORA proceedings are civil in nature (see People v Mingo, 12 NY3d 563, 571 [2009]; People v Gallagher, 129 AD3d 1252, 1253 [2015], lv denied 26 NY3d 908 [2015]; see also Correction Law § 168-n [3] [providing that either party in a SORA proceeding may appeal as of right pursuant to the provisions of the CPLR]). However, we exercise our discretion to treat defendant's premature July 2019 notice of appeal as if it had been taken from the order dated April 16, 2021 and entered December 27, 2021, thus rendering the notice valid (see CPLR 5520 [c]; People v Brown, 190 AD3d 1120, 1121 n 1 [2021]; People v Lesch, 126 AD3d 1261, 1262 n [2015], lv denied 26 NY3d 905 [2015]). Accordingly, defendant's motion seeking an extension of time to file a notice of appeal is academic.
Turning to the merits of the appeal, defendant argues that he was entitled to a downward departure to risk level one based on his expressions of remorse and his young age at the time of the offense. "As the party seeking the downward departure, defendant was required to demonstrate, by a preponderance of the evidence, the existence of mitigating factors not adequately taken into consideration by the risk assessment guidelines" (People v Kemp, 163 AD3d 1339, 1341 [2018] [internal quotation marks, brackets and citations omitted], lv denied 32 NY3d 919 [2019]; accord People v Holton, 193 AD3d 1212, 1213 [2021]; People v Wilson, 167 AD3d 1192, 1193 [2018]; see People v Mathews, 181 AD3d 1103, 1105 [2020]). The assessment of no points under risk [*2]factor 12, addressing acceptance of responsibility, "adequately reflected his . . . expressions of remorse" (People v Scone, 145 AD3d 1327, 1329 [2016]; see People v Finocchiaro, 140 AD3d 1676, 1676-1677 [2016], lv denied 28 NY3d 906 [2016]; People v Filkins, 128 AD3d 1231, 1232 [2015], lv denied 26 NY3d 904 [2015]). Moreover, defendant's young age at the time of these offenses — which are his first sexual offenses — is considered an aggravating factor under risk factor 8. As defendant failed to meet his burden, County Court did not abuse its discretion in denying his application for a downward departure (see People v Filkins, 128 AD3d at 1231-1232).
Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the motion is denied, without costs, as academic.
ORDERED that the order is affirmed, without costs.