People v Bonner (2022 NY Slip Op 04064)

People v Bonner

2022 NY Slip Op 04064

Decided on June 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 23, 2022

531794
[*1]The People of the State of New York, Respondent,
v
Jonathan Bonner, Appellant.

Calendar Date:May 23, 2022

Before:Egan Jr., J.P., Lynch, Pritzker, Ceresia and Fisher, JJ.

Todd G. Monahan, Schenectady, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

Ceresia, J.
Appeal from an order of the County Court of Ulster County (Farrell, J.), entered February 10, 2020, which, among other things, classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 2017, defendant was convicted upon his plea of guilty of sexual abuse in the first degree and was sentenced to a prison term of five years followed by 10 years of postrelease supervision. In anticipation of his release from prison, the Board of Examiners of Sex Offenders completed a risk assessment instrument pursuant to the Sex Offender Registration Act (see Correction Law art 6-c) assigning defendant a score of 90 points, which placed him in the risk level two category. The Board, however, applied an override based upon his 1996 felony conviction for a sex crime, presumptively classifying him as a risk level three sex offender (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4 [2006]), with which recommendation the People agreed. Following a hearing at which defendant sought a downward departure, County Court classified defendant as a risk level three sex offender based upon the assessment of 90 points and application of the presumptive override, and designated him as a sexually violent offender. Defendant appeals.
Defendant contends that County Court abused its discretion in applying the presumptive override and failed to appropriately consider mitigating factors — including the remoteness in time of the prior felony sex conviction and his successful participation in substance abuse treatment while in prison — in denying his request for a downward departure to a risk level two sex offender classification. While a prior felony conviction of a sex crime triggers the application of an override raising the presumptive risk level to a level three sex offender, the risk level can be downwardly modified (see People v Jones, 172 AD3d 1786, 1787 [2019]; People v Scone, 145 AD3d 1327, 1328 [2016]). It is, however, a defendant's burden "to establish by a preponderance of the evidence that a downward modification [is] warranted in that mitigating factors exist that were not adequately taken into account by the risk assessment instrument" (People v Scone, 145 AD3d at 1328 [2016]; see People v Gillotti, 23 NY3d 841, 861-862 [2014]).
Contrary to defendant's contention, County Court thoroughly addressed the mitigating factors prior to classifying him as a risk level three sex offender. To that end, the court found that defendant's prior felony sex conviction of sexual abuse in the first degree provided compelling evidence that he posed a serious risk to public safety and serious risk to reoffend. The court noted the similarities between the prior crime and the current crime, both of which involved violent and predatory sexual acts perpetrated against teenage victims to whom he provided alcohol and marihuana. As to defendant's contention that the prior felony sex crime was too remote[*2], the court noted defendant's numerous jail sentences imposed between the felony sex convictions, two of which resulted from defendant's failure to register as a sex offender. The court properly determined that the remoteness of the prior felony sex conviction was not a mitigating factor warranting a downward modification (see People v Scone, 145 AD3d at 1328; People v Oginski, 35 AD3d 952, 953 [2006]).
Defendant's assertion that County Court did not consider as a mitigating factor his participation in a substance abuse treatment program while in prison is belied by the record. The court carefully considered defendant's lifelong substance abuse history and multiple attempts at treatment in assessing his risk assessment level. As County Court explained its reasons for applying the presumptive override and thoroughly reviewed all mitigating factors, we find no abuse of discretion in the court classifying defendant as a risk level three sex offender (see People v Dorvee, 203 AD3d 1413, 1416 [2022]; People v Hebert, 163 AD3d 1299, 1300 [2018], lv denied 32 NY3d 909 [2018]; People v Scone, 145 AD3d at 1329).
Egan Jr., J.P., Lynch, Pritzker and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.