People v Bussom (2023 NY Slip Op 06674)

People v Bussom

2023 NY Slip Op 06674

Decided on December 22, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, GREENWOOD, AND NOWAK, JJ.

977 KA 23-00571

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRIAN R. BUSSOM, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Supreme Court, Monroe County (Daniel J. Doyle, J.), entered March 17, 2023. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.), defendant contends that Supreme Court erred in refusing to grant him a downward departure from his presumptive risk level. We reject that contention.
"Under SORA, a court must follow three analytical steps to determine whether or not to order a departure from the presumptive risk level indicated by the offender's guidelines factor score" (People v Gillotti, 23 NY3d 841, 861 [2014]; see generally Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4-5 [2006] [Guidelines]). "At the first step, the court must decide whether the aggravating or mitigating circumstances alleged by a party seeking a departure are, as a matter of law, of a kind or to a degree not adequately taken into account by the [G]uidelines" (Gillotti, 23 NY3d at 861). "At the second step, the court must decide whether the party requesting the departure has adduced sufficient evidence to meet its burden of proof in establishing that the alleged aggravating or mitigating circumstances actually exist in the case at hand" (id.). "If the party applying for a departure surmounts the first two steps, the law permits a departure, but the court still has discretion to refuse to depart or to grant a departure" (id.). "Thus, at the third step, the court must exercise its discretion by weighing the aggravating and mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism" (id.).
Here, "[a]lthough advanced age may constitute a basis for a downward departure," we conclude that defendant "failed to demonstrate that his age at the time of the SORA hearing, [57] years old, would, in and of itself, reduce his risk of reoffense" (People v Griffin, 187 AD3d 1566, 1566 [4th Dept 2020] [internal quotation marks omitted]; see People v Munoz, 155 AD3d 1068, 1069 [2d Dept 2017], lv denied 30 NY3d 912 [2018]). While defendant "submitted research studies that discussed the lower recidivism rate of sex offenders as age increases," he merely made a "conclusory assertion" that his age alone proved the existence of the mitigating factor and "did not establish by a preponderance of the evidence how his age minimize[d] his own risk of reoffending, particularly given that he was [44] years old at the time of the [last sexual contact with the minor victim]" (People v Small, 217 AD3d 1289, 1290 [3d Dept 2023]; see Griffin, 187 AD3d at 1566; People v Rivas, 185 AD3d 740, 740-741 [2d Dept 2020], lv denied 35 NY3d 918 [2020]; People v Rodriguez, 145 AD3d 489, 490 [1st Dept 2016], lv denied 28 NY3d 916 [*2][2017]). Thus, even if we assume, arguendo, that defendant is correct in asserting that no aggravating factors were present, the court lacked the discretion to order a downward departure inasmuch as defendant failed to surmount the second analytical step of proving the existence of an appropriate mitigating factor (see People v Stevens, 207 AD3d 1061, 1061-1062 [4th Dept 2022], lv denied 39 NY3d 903 [2022]; People v Loughlin, 145 AD3d 1426, 1428 [4th Dept 2016], lv denied 29 NY3d 906 [2017]; see generally Gillotti, 23 NY3d at 861).
Entered: December 22, 2023
Ann Dillon Flynn
Clerk of the Court