People v Lopez (2024 NY Slip Op 01954)

People v Lopez

2024 NY Slip Op 01954

Decided on April 11, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 11, 2024

533911
[*1]The People of the State of New York, Respondent,
v
Jorge Lopez, Appellant.

Calendar Date:February 23, 2024

Before:Garry, P.J., Aarons, Lynch, Fisher and Mackey, JJ.

Angela Kelley, East Greenbush, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.

Fisher, J.
Appeal from an order of the County Court of Washington County (Kelly S. McKeighan, J.), entered July 10, 2020, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 2012, defendant entered an Alford plea of guilty to criminal sexual act in the first degree and was sentenced to 10 years in prison to be followed by 20 years of postrelease supervision. In anticipation of his release from prison, the Board of Examiners of Sex Offenders prepared a case summary and risk assessment instrument in accordance with the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) presumptively classifying defendant as a risk level three sex offender (140 points). Defendant appeared before County Court with counsel, who indicated that defendant was willing to accept the scoring in the risk assessment instrument and the risk level three sex offender classification in lieu of a hearing. County Court thereafter classified defendant as a risk level three sex offender with a sexually violent offender designation. Defendant appeals.
Initially, we reject the contention that this matter is moot. The People contend that, notwithstanding our determination herein, defendant was subsequently convicted of two sex offenses, which serves as an independent basis to trigger an "automatic override" to a level three risk classification (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4 [2006]). However, as the applicable guidelines have made clear (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4), the "nature of the override results in a presumptive risk level three classification — a classification from which a court indeed may depart based upon the evidence presented" (People v Jones, 172 AD3d 1786, 1787 [3d Dept 2019]; see People v Bonner, 206 AD3d 1389, 1390 [3d Dept 2022], lv denied 39 NY3d 909 [2023]). Accordingly, since a risk level three classification on the new convictions is not automatic nor mandatory, meaning that defendant can still seek a downward modification at the time of his next classification (see People v Scone, 145 AD3d 1327, 1328 [3d Dept 2016]), this matter still presents an actual controversy that has practical consequences for defendant (see Govel v Trustco Bank, 182 AD3d 838, 839-840 [3d Dept 2020]; see also People v Shim, 139 AD3d 68, 75 [2d Dept 2016], lv denied 27 NY3d 910 [2016]).
Turning to the substance of defendant's appeal, he challenges the validity of his waiver of the right to a SORA hearing. The record reflects that during his appearance, defendant requested, and County Court granted, additional time to confer with counsel. Thereafter, defendant affirmed in response to County Court's inquiries that he understood that he was entitled to have a hearing to determine his risk level classification and that he had discussed the matter and reviewed the evidence presented by the People with counsel. Defendant [*2]further affirmed that he understood that, if he waived the hearing, County Court would classify him as a risk level three sex offender with a sexually violent offender designation. Under these circumstances, we are satisfied that defendant knowingly, intelligently and voluntarily waived his right to a SORA hearing (see People v Callanan, 195 AD3d 958, 958 [2d Dept 2021], lv dismissed 37 NY3d 1231 [2022]; People v Huyler, 171 AD3d 1409, 1410 [3d Dept 2019]). Resultantly, defendant's contention that he was improperly assessed points under various risk factors in the risk assessment instrument is unpreserved for our review in light of his valid waiver of the SORA hearing (see CPL 470.05 [2]; People v Rupnarain, 123 AD3d 1387, 1388 [3d Dept 2014]).
Lastly, defendant contends that he was denied the effective assistance of counsel. Indeed, although civil in nature, defendants in SORA proceedings are entitled to the effective assistance of counsel — which is one of the basic procedural safeguards afforded in SORA proceedings (see People v Watts, ___ NY3d ___, ___, 2024 NY Slip Op 00926, *7 [2024]; People v VonRapacki, 204 AD3d 41, 44 [3d Dept 2022]). In order "[t]o establish a claim of ineffective assistance of counsel, a defendant is required to demonstrate that he or she was not provided meaningful representation and that there is an absence of strategic or other legitimate explanations for counsel's allegedly deficient conduct" (People v Rivera, 206 AD3d 1356, 1360 [3d Dept 2022] [internal quotation marks and citations omitted], affd 39 NY3d 1062 [2023], cert denied ___ US ___, 143 S Ct 2675 [2023]). Defendant contends that his counsel's failure to contest any of the points sought to be assessed against him, despite the fact that such points placed defendant in the highest risk category with a sexually violent offender designation, constituted the ineffective assistance of counsel. We disagree. The record reflects that defense counsel had an opportunity to privately speak with defendant prior to and during the appearance, including reviewing the sex offender designation form, risk assessment instrument and related documents. Counsel further represented defendant's concerns to County Court, namely that defendant was concerned about the possibility of being held beyond his conditional release date if the hearing was adjourned, and counsel ultimately complied with defendant's direction by waiving the hearing and not seeking a downward departure (see People v Allen, 177 AD3d 1224, 1225 [3d Dept 2019]).[FN1] Based on the limited record and unique facts, as well as defendant's failure to demonstrate the absence of strategic or other legitimate explanation for counsel's challenged conduct, "[v]iewing the totality of the circumstances at the time of the representation, we find that defendant was provided with meaningful representation" (People v Carey, 47 AD3d 1079, 1080 [3d Dept 2008], lv dismissed 10 NY3d 893 [2008]; accord People v Lightaul, 138 AD3d 1256, 1258[*3][3d Dept 2016], lv denied 28 NY3d 907 [2016]). We have examined the parties' remaining contentions and have found them to be without merit or rendered academic.
Garry, P.J., Aarons, Lynch and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: We recognize that this appearance occurred during the pandemic caused by the novel coronavirus known as COVID-19, which was rapidly spreading throughout New York and presented a unique risk for correctional facilities at that time. Not only did this generate an incentive for incarcerated individuals to desire to be released without delay, but it also created unprecedented logistical difficulties in the legal field. Although defendant contends, as part of his ineffective assistance of counsel claim, that there is nothing in the record to demonstrate that his attorney was prepared to proceed on the appearance date, the People represented at oral argument that they had been unprepared and had requested the adjournment. Our review of the record does not reveal anything to the contrary.