People v Pardee (2024 NY Slip Op 03359)

People v Pardee

2024 NY Slip Op 03359

Decided on June 20, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 20, 2024

535285
[*1]The People of the State of New York, Respondent,
v
Michael R. Pardee, Appellant.

Calendar Date:May 30, 2024

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, McShan and Powers, JJ.

Tina K. Sodhi, Alternate Public Defender, Albany (Steven M. Sharp of counsel), for appellant.
P. David Soares, District Attorney, Albany (Erin N. LaValley of counsel), for respondent.

Clark, J.P.
Appeal from an order of the County Court of Albany County (Andra Ackerman, J.), entered January 12, 2022, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In June 2002, defendant pleaded guilty to the federal crimes of possession of child pornography in violation of 18 USC § 2252A (a) (5) stemming from his possession and use of child pornography using a file-sharing website specifically designed and used for uploading, downloading and transmitting child pornography.[FN1] Defendant was sentenced to 37 months of incarceration in the Federal Bureau of Prisons, to be followed by 36 months of supervised release. After being released from federal prison, defendant violated his probation, resulting in the revocation of said probation, and, in 2006, defendant was resentenced to 24 months in federal prison. In April 2012, defendant was found to be a sexually dangerous person pursuant to the Adam Walsh Child Protection and Safety Act of 2006 (former 42 USC § 16901 et seq. [transferred to 34 USC § 20901 et seq.]) and was ordered to be committed to the custody of the Attorney General until his condition was such that he would not be sexually dangerous to others if released under a prescribed regimen of medical, psychiatric or psychological care or treatment.
In 2021, defendant was conditionally released to a reentry facility located in Albany County for an indefinite period of time and placed under the supervision of US Probation and Pretrial Services. Due to his residence in New York and 2002 federal conviction for possession of child pornography, the Board of Examiners of Sex Offenders was notified that defendant was required to register as a sex offender and thus prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), which presumptively classified defendant as a risk level two sex offender (85 points). The Board, however, recommended an override to a presumptive risk level three classification based upon defendant's prior 1993 felony sex crime conviction. Following a hearing, at which defendant sought a downward departure from the requested classification, County Court designated defendant as a predicate sex offender, applied the override and classified defendant as a risk level three sex offender. The court also denied defendant's request for a downward departure. Defendant appeals, and we affirm.
Defendant contends that County Court abused its discretion in denying his request for a downward departure based upon the strict conditions of his release, his age of 60 and the non-contact nature of his federal conviction for possession of child pornography. "While a prior felony conviction of a sex crime triggers the application of an override raising the presumptive risk level to a level three sex offender, the risk level can be downwardly modified" (People v Bonner, 206 AD3d 1389, 1390 [3d Dept 2022] [citations omitted], lv [*2]denied 39 NY3d 909 [3d Dept 2023]; see also People v Lopez, 226 AD3d 1165, 1165-1166 [3d Dept 2024]). Defendant, however, bore the burden of establishing by a preponderance of the evidence that mitigating factors existed which were not adequately taken into account by the risk assessment instrument that would warrant a downward departure (see People v Gillotti, 23 NY3d 841, 861-863 [2014]; People v Bonner, 206 AD3d at 1390; People v Middlemiss, 153 AD3d 1096, 1098 [3d Dept 2017], lv denied 30 NY3d 906 [2017]; People v Scone, 145 AD3d 1327, 1328 [3d Dept 2016]).
Although defendant relies on the strict supervision and conditions of his release as a basis for a downward departure, this was taken into consideration in the scoring under risk factor 14 regarding supervision, for which no points were assessed (see generally People v Varin, 158 AD3d 1311, 1312 [4th Dept 2018], lv denied 31 NY3d 905 [2018]; People v Simons, 157 AD3d 1063, 1065-1066 [3d Dept 2018]; People v Scone, 145 AD3d at 1328-1329). Further, although advanced age may constitute a mitigating factor warranting a downward departure (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4-5 [2006]), defendant's conclusory assertion that his age was a mitigating factor did not establish by a preponderance of the evidence how his age of only 60 minimizes his risk of reoffending (see People v Bussom, 222 AD3d 1426, 1426-1427 [4th Dept 2023], lv denied ___ NY3d ___ [May 23, 2024]; People v Small, 217 AD3d 1289, 1289-1290 [3d Dept 2023]; People v Munoz, 155 AD3d 1068, 1069 [2d Dept 2017], lv denied 30 NY3d 912 [2018]). Finally, we find absolutely no merit to defendant's claim that he should be entitled to a downward departure because, among other reasons, he only possessed several hundred images of child pornography, which he trivializes as a non-contact offense (see People v Barry, 213 AD3d 779, 781 [2d Dept 2023], lv denied 39 NY3d 914 [2023]; see generally People v Gillotti, 23 NY3d at 857-860). "Although in some cases involving offenders who possessed child pornography, the assessment of points under risk factors 3 and 7 might result in an overassessment of the risk a defendant poses to the community" (People v Smith, 187 AD3d 1228, 1229 [2d Dept 2020], lv denied 36 NY3d 909 [2021]; see People v Gillotti, 23 NY3d at 859-860; People v Johnson, 11 NY3d 416, 421 [2008]), such concerns are not present here because defendant received no assignment of points under risk factors 3 or 7. Furthermore, "the images possessed by . . . defendant showed that the children depicted in them were subjected to pain and cruelty" (People v Rossano, 140 AD3d 1042, 1043 [2d Dept 2016], lv denied 28 NY3d 913 [2017]; see People v Carman, 194 AD3d 760, 763 [2d Dept 2021], affd 38 NY3d 972 [2022]). In light of the foregoing, we find that defendant failed to prove the existence of mitigating circumstances by a preponderance of the evidence, and, thus, County Court did not abuse its discretion [*3]in denying defendant's request for a downward departure nor in classifying him as a risk level three sex offender. To the extent that we have not addressed any of defendant's remaining claims, they have been considered and found to be without merit.
Aarons, Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Defendant was also required to register as a sex offender for a 1993 conviction of child molestation in the first degree (a class A felony), in violation of section 9A.44.083 of the Revised Code of Washington, which resulted in a sentence of 68 months of incarceration, to be followed by two years of community placement. A separate report and Sex Offender Registration Act determination was made in that matter, which defendant separately appealed to this Court (People v Pardee, ___ AD3d ___ [3d Dept 2024] [decided herewith]).